**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**LAZARO QUINONES-CEDENO,**

        **Plaintiff,**

**v.**
                                **CIVIL ACTION NO. 3:20-CV-88
                                      5:20-CV-198 (Consolidated Action)
                                      (GROH)**

**MS. J. RIDENOUR,
M. B. ANTONELLI,
PAUL ADAMS,
MS. M. THOMPKIS,
MS. M. BLUEMLING, and
E. GARCIA,**

        **Defendants.**

## REPORT AND RECOMMENDATION

### I.     INTRODUCTION

On June 2, 2020, the *pro se* Plaintiff, who is a federal prisoner incarcerated in the Northern District of West Virginia, initiated this case by filing an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), claiming his Constitutional rights were violated.   ECF No. 1.[1]   The case was consolidated on April 29, 2021, with another Bivens action filed in this district, 5:20-CV-198.   ECF No. 42.

The matter is now before the undersigned for a Report and Recommendation to

---

[1] All CM/ECF numbers cited herein are from the instant case, 3:20-CV-88, unless otherwise noted.

the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons

set forth below, the undersigned recommends that the complaint be denied and dismissed

with prejudice.

## II.  FACTUAL AND PROCEDURAL HISTORY

On June 2, 2020, the Plaintiff, appearing pro se, filed a civil rights complaint

pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>,

403 U.S. 388 (1971) in 3:20-CV-88 against six named defendants: (1) Ms. J. Ridenour,

Education Specialist; (2) M. B. Antonelli, Federal Correctional Complex, USP Hazelton,

Warden; (3) Paul Adams, Federal Correctional Institution Hazelton Warden; (4) A. Garcia,

Association Warden, FCI Hazelton; (5) Ms. M Thompkis, Education Supervisor, FCI

Hazelton; and (6) Ms. M. Bluemling, Education Specialist, FCI Hazelton.  3:20-CV-88,

ECF No. 1.  Following the issuance of a notice of deficient pleading[2], on July 20, 2020,

Plaintiff filed the completed Court-approved complaint against five of the same

Defendants, but which listed as the sixth Defendant E. Garcia, instead[3] of A. Garcia.  ECF

No. 19.  In the Court-approved form filed on July 20, 2020, Plaintiff claimed that:

(1) because Plaintiff filed prison grievances, he was retaliated against by prison

staff;

(2) prison staff discriminated against Plaintiff based on his race;

(3) the warden failed to supervise prison staff who retaliated against Plaintiff;

(4) Plaintiff was denied access to the courts when prison administrators failed to

---

[2]  The notice of deficient pleading stated that Plaintiff failed to complete the Court-approved complaint form in full, and directed Plaintiff to re-file the complaint on the Court-approved form completed in its entirety.  ECF No. 8.

[3]  Both complaints listed A. Garcia and E. Garcia as the "Associate Warden" or "Ex Associate Warden".  ECF Nos. 1 and 19.  On May 31, 2022, the Clerk updated the docket, terminated A. Garcia as a Defendant, and listed only E. Garcia as a Defendant.

properly supervise staff who prevented Plaintiff from preparing a legal complaint;

(5) prison staff obstructed justice in an attempt to cover up "corruption and racism"; and

(6) the warden obstructed justice and violated Plaintiff's due process rights.  ECF No. 19.  Plaintiff claims that he has suffered denial of equal treatment, of access to health care, and to the inmate grievance procedure.  Id. at 16.  Plaintiff seeks $1,000,000.00 in damages for the intentional infliction of emotional distress and retaliatory transfer to another correctional institution.  Id.  Further, Plaintiff seeks an injunction "barring the administration from further harassment, and/or a writ of prohibition and mandamus for filing [his] lawsuit," and that four of the six defendants be terminated from employment. Id. at 16.

While that action was pending, on September 10, 2020, the Plaintiff, again pro se, filed a separate civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), for injuries alleged to have been caused by the same six defendants who were also named in Plaintiff's previously filed Bivens case.  5:20-CV-198, ECF No. 1.  In the second Bivens action, Plaintiff claimed that:

(1) the warden obstructed justice and violated Plaintiff's due process rights through a retaliatory transfer to another correctional institution;

(2) the warden failed to supervise prison staff who retaliated against Plaintiff;

(3) the racism of staff members was directed to Plaintiff and a former acting warden;

(4) prison administrators failed to protect Plaintiff from COVID-19;

(5) prison administrators failed to supervise staff who violated Plaintiff's Fifth and Eighth Amendment rights; and

(6) prison administrators violated Plaintiff's due process rights in an attempt to cover up corruption and racism.

Id.  In its order consolidating the case, the District Court noted that "both complaints allege essentially the same wrongdoing."  ECF No. 42.

Plaintiff claims he has suffered mental and emotional distress, aggravation, inconvenience, and annoyance.  5:20-CV-198, ECF No. 1 at 22.  Plaintiff further claims that he has been denied access to health care, although he does not specify how he was denied this right, or what physical injury was inflicted as a result.  Id. at 16.  Additionally, Plaintiff claims he was denied the right to use the inmate grievance procedure.  Id.

Among other requests for relief, as damages, Plaintiff seeks payment of his filing fees, that five of the six defendants be terminated from employment, and that the Court order "the secretary to accept [his] telephone calls."  Id. at 20.

Subsequent to the filing of his complaints, Plaintiff filed a number of declarations which were stricken by separate order of this Court, for failure to comply with the Local Rules of Prisoner Litigation Procedure.

Defendants filed a motion to dismiss for lack of prosecution on February 8, 2022. ECF No. 76.  Therein, Defendants argue that Plaintiff has failed to timely prosecute this action by failing to serve all the Defendants, and notes that Defendants M.B. Antonelli, A. Garcia, and E. Garcia have not been served with a copy of the summons and complaint. Id.

On March 11, 2022, an Order and Roseboro notice was issued which notified

Plaintiff of his right and obligation to file a response to the motion to dismiss within twenty-one days.  ECF No. 84.

On April 18, 2022, Plaintiff filed a motion seeking an injunction, which asks the Court to "bar the administration and its staff for [sic] tampering holding and withholding [my] legal correspondences."  ECF No. 94 at 1.  Plaintiff argues that one of his previous filings[4], although prepared with an exhibit, was purposely not filed with the exhibit.  Plaintiff asserts that the defendants control his correspondence, but that "prison officials are violating [his] constitutional rights [to] access to [the] courts."  Id. at 2.  Filed on the same date as his motion for an injunction, Plaintiff filed the allegedly missing exhibit[5] which the Clerk filed as a separate document [ECF No. 95-2], along with a motion for leave to file excess pages [ECF No. 95], and an affidavit [ECF No. 95-1].

Plaintiff filed another motion for injunctive relief on May 2, 2022.  ECF No. 97.  Therein, Plaintiff addresses actions taken by individuals at FCI McKean.  Id.

On May 9, 2022, Plaintiff filed a "supplemental motion to impose permanent injunction pursuant to Rule 65".  ECF No. 99.  Therein, Plaintiff asserts that "several documents are missing from a court recorded motion filed on [April 11, 2022]."  Id. at 2.  Plaintiff contends that prison officials at MCI McKean in Pennsylvania continue to deny him access to the Courts.  Id. at 2 – 3.  Plaintiff asks that his claims "be viewed as meritorious"  and that he not be transferred by prison officials in retaliation.  Id. at 4 – 5.

Defendants filed a motion to strike on May 23, 2022, which argued that: (1)

---

[4]  Plaintiff states that he filed two motions, ECF No. 51 and ECF No. 76, but that "this motion" did not contain some of his exhibits when filed by the Clerk.  ECF No. 94 at 1 – 2.

[5]  Plaintiff identified his exhibit as, "Exhibit No. 6 (14 p[ages), documents which seem to have been held by the mail room staff or any other authority in FCI McKean. . . [there] are 2 letters to U.S. President Joe Biden dated [July 1, 2021] and [March 28, 2022] and others used by Plaintiff as relevant evidence."  ECF No. 94 at 2.

Plaintiff's motion for injunctive relief [ECF No. 99] cannot be granted because this court is without jurisdiction to enjoin actions which occur in another state and judicial district; and (2) Plaintiff's motion for consideration and fair adjudication [ECF No. 101] is not authorized by the Local Rules of Prisoner Litigation Procedure and thus should be stricken.  ECF No. 102.   Defendants' motion [ECF No. 102] was granted in part on this date, as relates to the request to strike the motion for consideration and fair adjudication, however, Defendants' request that the court deny Plaintiff's request for injunctive relief is addressed herein.

### III.  LEGAL STANDARD

Because plaintiff is a prisoner seeking redress from the Government, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

### A.     Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable

merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded

by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[6] is designed largely to discourage the filing
> of, and waste of judicial and private resources upon, baseless
> lawsuits that paying litigants generally do not initiate because
> of the costs of bringing suit and because of the threat of
> sanctions for bringing vexatious suits under Federal Rule of
> Civil Procedure 11. To this end, the statute accords judges
> not only the authority to dismiss a claim based on an
> indisputably meritless legal theory, but also the unusual
> power to pierce the veil of the complaint's factual allegations
> and dismiss those claims whose factual contentions are
> clearly baseless.

490 U.S. at 327.  Frivolity dismissals should only be ordered when the legal theories are

"indisputably meritless." Id.

## B.    Civil Rights Actions Under Bivens.

In Bivens, supra, the Supreme Court recognized that claimants may assert a cause

of action for damages caused by federal agents.  In FDIC v. Meyer, 510 U.S. 471, 484 -

86 (1994), the Court held that federal agencies may not be held liable in a Bivens claim,

writing, "*Bivens* from its inception has been based . . . on the deterrence of individual

officers who commit unconstitutional acts."    Id.  See Correctional Services Corp. v.

Malesko, 534 U.S. 61, 71 (2001).

Pursuant to Bivens, an individual federal agent may be found liable for actions "in

excess of the authority delegated to him."  403 U.S. at 397.  "The purpose of *Bivens* is to

---

[6]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided,
"The court may request an attorney to represent any such person unable to employ counsel and may
dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."
As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court
shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary
relief from a defendant who is immune from such relief."

deter individual federal officers from committing constitutional violations." <u>Corr. Servs.</u> <u>Corp. v. Malesko</u>, 534 U.S. 61, 70 (2001).   The Supreme Court further explained in <u>Malesko</u>:

> If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

534 U.S. at 72.  Further, in a <u>Bivens</u> case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights.  <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2nd Cir. 1994); <u>See</u> <u>Colburn v. Upper Darby Township</u>, 838 F.2d 663, 666 (3rd Cir. 1988) ("section 1983 claims[7] [have] the additional pleading requirement that the 'complaint contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'").

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009).  "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  <u>Id.</u>  "A *Bivens* claim is brought against the individual official for his or her own acts, not the acts of others."  <u>Ziglar v. Abassi</u>, 137 S.Ct. 1843, 1860 (2017).

In <u>Shaw v. Stroud</u>, 13 F.3d 791, 799 (4th Cir. 1994), the Fourth Circuit:

---

[7] The Court notes that <u>Bivens</u> actions and § 1983 actions are both civil rights actions, and that <u>Bivens</u> actions regarding deprivation of civil rights are the federal counterpart to state actions authorized by 42 U.S.C. § 1983.

> set forth three elements necessary to establish supervisory liability under § 1983: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

(internal citations omitted).  The Court further explained that, "[t]o satisfy the requirements of the first element, a plaintiff must show the following: (1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff."  Shaw, supra, citing Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984).

"A plaintiff may establish deliberate indifference by demonstrating a supervisor's "continued inaction in the face of documented widespread abuses"; however, a plaintiff claiming deliberate indifference "assumes a heavy burden of proof."  Shaw, 13 F.3d at 799.  "Causation is established when the plaintiff demonstrates an "affirmative causal link" between the supervisor's inaction and the harm suffered by the plaintiff."  Id.

C.     Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted.  The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that  a complaint should not be dismissed for failure to state a claim

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner*,* 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face."  Id. at 555, 570.  In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570.  Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

 "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation.  Id. at 678.  "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.  Thus, a well-pleaded complaint  must offer more than, "a sheer possibility that a defendant has

acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim.  Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,  it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."  Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### D.    Requests for Injunctive Relief

The Fourth Circuit reviews "a district court's decision to grant a preliminary injunction under an abuse-of-discretion standard."   International Refugee Assistance Project v. Trump, 883 F.3d 233, 255 – 56 (4th Cir. 2018), as amended (Feb. 28, 2018). The standard for granting injunctive relief was articulated by the United States Supreme Court which held in Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

As restated by the Fourth Circuit, when a plaintiff seeks the extraordinary remedy of a preliminary injunction:

> The plaintiff "need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial."  A plaintiff seeking a preliminary injunction must establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of

preliminary relief, (3) the balance of equities tips in her favor,
and (4) an injunction is in the public interest.

Int'l Refugee, 883 F.3d at 256 (citing WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009) (citing Winter, 555 U.S. at 7)).  This standard becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo.  See East Tennessee Natural Gas Co. v. Sage, 361 Fed 3d 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief").

## IV.  ANALYSIS

### A.    Plaintiff's Requests for Injunctive Relief are Without Merit

The Court first addresses Plaintiff's requests for injunctive relief. Plaintiff essentially claims that BOP officials have retaliated against him because he has attempted to seek legal remedies and access to the Courts.  ECF Nos. 19 at 14 – 16, 94 at 1 – 2; 97 at 1; 99 at 2 – 4.  Other than his broad claims, Plaintiff provides no specific details to support his claims that he was denied access to the Courts or legal remedies at Hazelton.  Id.  Further, Plaintiff claims in his recently filed motions for an injunction, that officials at FCI McKean, located in the Western District of Pennsylvania, have violated, and continue to violate his constitutional rights regarding access to the Courts.  ECF Nos. 19, 94, 97, 99.

Although Plaintiff alleges that his civil rights were violated at Hazelton USP, he does not meet the four-part Winter test for issuance of a preliminary injunction.  First,

Plaintiff has not shown he is likely to succeed on the merits in regard to his <u>Bivens</u> claim. Plaintiff asserts that he has been denied access to the Courts but  filed two separate Bivens actions while he was incarcerated at FCI Hazelton.  Further, Plaintiff has filed numerous motions and pleadings since instituting this action.  Those facts squarely contradict Plaintiff's assertions that he has been prevented from seeking legal recourse. Accordingly, Plaintiff has failed to provide any evidence to support the first prong of the <u>Winter</u> test in relation to his request for injunctive relief.

Second, Plaintiff has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief.  Plaintiff's claims that he was retaliated against by BOP officials and is now exposed to threat of transfer to another BOP facility, but fails to assert that Plaintiff has suffered any actual harm.  Further, Plaintiff asserts that some BOP officials' actions, which he contends constituted retaliation, did not occur in this jurisdiction, but in the Western District of Pennsylvania.  To the extent that Plaintiff seeks relief for violations of his constitutional rights which allegedly occurred in another state and judicial district, this Court is without jurisdiction to provide any relief to Plaintiff.

Plaintiff has provided no facts to support his claims that he is at risk of ongoing harm from officials or inmates in the Northern District of West Virginia.  Further, the Court notes that Plaintiff is no longer incarcerated in this judicial district.  Finally, Plaintiff has failed to articulate he has suffered any harm.

Accordingly, it appears to the Court that other than his broad claims, that Plaintiff has failed to submit any evidence which demonstrate a need for a temporary restraining order or preliminary injunction, and has failed to demonstrate that he is likely to suffer irreparable harm in the absence of injunctive relief.  Thus, Plaintiff has failed to

demonstrate that he meets the second prong of the <u>Winter</u> test.

Because Plaintiff is unable to meet either of the first two prongs of the Winter test, the Court need not consider the third or fourth prongs.  Further, because Plaintiff is unable to meet all four parts of the <u>Winter</u> test for issuance of an injunction, his motions for an injunction filed as part of the complaint filed on July 20, 2020 [ECF No. 19], and by motions [ECF No. 94] filed May 9, 2022, [ECF No. 97] filed May 2, 2022, and [ECF No. 99] on May 9, 2022, are without merit.   Moreover, to the extent that Plaintiff's motion seeks to mandate action by the Defendants, Plaintiff has failed to demonstrate that he is entitled to extraordinary relief because he has failed to demonstrate that the exigencies of the situation demand such relief.

### B.    Failure to State a Claim

A review of the complaints conducted pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiff does not make a plausible claim based on any cognizable legal authority and fails to present a claim upon which relief can be granted.

In a <u>Bivens</u> case, the Plaintiff must specify the  acts  taken  by  each  defendant which  violate  his  Constitutional  rights.  <u>Wright  v.  Smith</u>, 21 F.3d 496, 501 (2nd Cir. 1994); <u>See Colburn v. Upper Darby Township</u>, 838F.2d  663,  666  (3rd Cir.  1988) ("section  1983  claims  [have]  the  additional  pleading  requirement  that  the 'complaint contain a modicum of factual specificity identifying the  particular conduct of defendants that is alleged to have harmed the plaintiffs'").  Plaintiff's claims are that his rights were violated when: (1) he was "retaliated" against for filing a grievance and that Defendant Ridenour "lied"; (2) an associate warden whom Plaintiff viewed favorably was transferred to  another facility; (3)  the  warden failed  to  stop  unspecified  retaliation; (4) Defendant

14

Thompkis allowed her staff to "degrade Plaintiff" by acting with prejudice and through some unspecified retaliation; (5)  Defendant Bluemling "harassed" Plaintiff; and (6) Defendant Antonelli was the warden when Plaintiff was "hit with a retaliatory prison transfer".  ECF No. 19 at 14 – 17.

In his second complaint filed in the consolidated case, Plaintiff asserts that his rights were violated when: (1) Defendant Antonelli obstructed justice in his actions related to administrative remedies 908699-A1 and 939314-R2; Defendant Adams failed to properly supervise his staff for unspecified wrongdoing and "irregularities", and for "conspiring" to "get rid of Associate Warden E. Garcia"; (3) Defendant Garcia was performing professionally but is no longer working at FCI Hazelton because of racism; (4) Defendant Ridenour was "used" by Defendants Antonelli and Adams when they exposed Plaintiff to COVID-19; (5) Defendant Thompkis failed to supervise her staff, and intentionally "allow[ed] staff [to] act with prejudice and corrupt[ ] misconduct by harassing, retaliating and obstructing Plaintiff from reporting complaints"; and (6) Defendant Bluemling violated Plaintiff's due process rights when he attempted to perform his legal work.  5:20-CV-198, ECF No. 1 at 17 – 22.

Plaintiff fails to cite to any specific instances of retaliation by Defendants.  Although Plaintiff cites to administrative remedies which he claims were retaliatory in nature, he does not explain how each Defendant violated his civil rights.  Rather, Plaintiff makes a blanket assertion that the Defendants violated his rights, without explaining the mechanism used by each, or how he was specifically harmed by such allegations.

Plaintiff has failed to comply with the Federal Rules of Civil Procedure requirement that only "'a short and plain statement of the claim  showing that the pleader is entitled to

relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555.  Plaintiff's complaint fails to allege that any individual defendant took specific action which constitute the civil rights violations alleged by Plaintiff, or that Plaintiff suffered any physical injury. Moreover, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'" <u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 (4th Cir. 2008), quoting <u>Bell Atl. Corp. v. Twombly</u> (emphasis added).

As noted above, because "only those questions which are squarely presented to a court may properly be addressed," this Court may not construct Plaintiff's arguments for him.  <u>Weller</u>, 901 F.2d at 391.  Even when liberally construing Plaintiff's allegations, he fails to assert any claims that the named defendants subjected, or caused him to be subjected, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.  By failing to allege with specificity how each Defendant violated any of Plaintiff's federal rights, Plaintiff seeks relief which is unavailable or improper under <u>Bivens</u>, because he has failed to assert a cognizable cause of action as to any claim against Defendants.  Accordingly, because Plaintiff has failed to state a claim upon which relief can be granted pursuant to <u>Bivens</u>, this Court recommends that this matter be dismissed with prejudice.

Further, Plaintiff appear to challenge his transfer between facilities, and seeks relief from the Court to prevent his "retaliatory transfer".  However, pursuant to 18 U.S.C. § 3621(b), the Bureau of Prisons, rather than the Courts, has the responsibility to designate where federal inmates will be incarcerated.  That statute provides:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment, and shall, subject to bed availability,

the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns of the Bureau of Prisons, place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence. The Bureau shall, subject to consideration of the factors described in the preceding sentence and the prisoner's preference for staying at his or her current facility or being transferred, transfer prisoners to facilities that are closer to the prisoner's primary residence even if the prisoner is already in a facility within 500 driving miles of that residence. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable.

See also BOP Program Statement 5100.08, related to inmate security designation and security classification. https://www.bop.gov/policy/progstat/5100_008cn.pdf. Accordingly, this court is without authority to designate where Plaintiff may be placed or transferred, and this request for relief must be denied.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Complaint [ECF No. 19] filed in the instant action and the complaint [ECF No. 1] filed in 5:20-CV-198, which was consolidated with this action, be **DISMISSED WITH PREJUDICE**, based on Plaintiff's failure to state a claim upon which relief can be granted.

It is further **RECOMMENDED** that Defendants' motion [ECF No. 76] to dismiss be **TERMINATED as MOOT**.

Plaintiff's motion [ECF No. 91] be TERMINATED as MOOT.

It is further **RECOMMENDED** that Plaintiff's requests for injunctive relief contained

within the complaint [ECF No. 19] filed on July 20, 2020, and by motion [ECF No. 94] on April 18, 2022, by motion [ECF No. 97] filed on May 2, 2022, and by supplemental motion [ECF No. 99] filed on May 9, 2022, be **DENIED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:      May 31, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE