**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**LAZARO QUINONES-CEDENO,**

Plaintiff,

**v.**                                            **CIVIL ACTION NOS.: 3:20-CV-88
5:20-CV-198 (Consolidated Action)
(GROH)**

**MS. J. RIDENOUR,
M.B. ANTONELLI,
PAUL ADAMS,
MS. M. THOMPKIS,
MS. M. BLUEMLING, and
E. GARCIA,**

Defendants.

## ORDER OVERRULING OBJECTIONS AND ADOPTING
## THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on June 1, 2022.  ECF No. 103. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R.  Therein, Magistrate Judge Trumble recommends that this Court dismiss the Plaintiff's complaint with prejudice.  The Plaintiff timely filed his objections to the R&R on June 21, 2022.  ECF No. 107.  Accordingly, this matter is now ripe for adjudication.

### I.  BACKGROUND

On July 20, 2020, Lazaro Quinones-Cedeno ("Plaintiff"), acting pro se, filed an Amended Complaint using the Court's approved form.  ECF No. 19.  Therein, the Plaintiff sets forth a civil rights action against six employees of the Hazelton Federal Correctional

Institution, pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  The Plaintiff alleges that Defendant Ridenour, an education specialist, spoke abusively towards inmates and covered up abuses of power by other FCI employees in exchange for a promotion.  The Plaintiff contends that Defendant Antonelli, a warden, abused his position and put his staff at risk in a manner that violated the First, Fifth and Eighth Amendments.  The Plaintiff asserts that Defendant Adams, a warden, also abused his position and failed to take corrective action to stop or prevent due process violations.

The Plaintiff claims that Defendant Garcia, an associate warden, similarly failed to stop abuses of authority, retaliation and harassment. However, Defendant Garcia was transferred to a different FCI, and the Plaintiff further claims that Defendant Garcia's transfer to another FCI was racially motivated.  At times, the Plaintiff asserts that his own transfer was also racially motivated and executed in retaliation.

The Plaintiff alleges that Defendant Thompkis, an education supervisor, failed to prevent her staff from harassing and retaliating against inmates.  Lastly, the Plaintiff claims that Defendant Bluemling, an education specialist, violated the Plaintiff's First Amendment right by retaliating against him and restricting his access to the courts by interfering with his legal documents.

For relief, the Plaintiff requests $1,000,00.00 in compensatory damages for suffering related to humiliation, intentional infliction of emotional distress and a retaliatory prison transfer.  The Plaintiff also requests that the Defendants pay all the fees incurred in this matter.  Further, the Plaintiff seeks injunctive relief prohibiting "the administration"

from harassing him, a writ of prohibition and mandamus for filing this civil action and the termination of Defendants Antonelli, Adams, Ridenour and Bluemling.

On September 10, 2020, the Plaintiff filed a separate <u>Bivens</u> action against the same six Defendants, alleging similar claims regarding abuse, retaliation, harassment and due process violations.  ECF No. 1 in 5:20-CV-198.  In this latter-filed complaint, the Plaintiff also claims that he was denied the right to healthcare, but he provides no further detail describing how or when he was denied medical care.  The Plaintiff further claims that his right to be treated fairly under the equal rights doctrine has been infringed.  For relief, similar to his prior complaint, the Plaintiff again requests that the Defendants pay all fees incurred and that Defendants Antonelli, Adams, Ridenour and Bluemling, and now Thompkis, be terminated from employment.

On April 5, 2021, the Plaintiff moved to consolidate all his pending <u>Bivens</u> cases in the Northern District of West Virginia, Southern District of West Virginia, and the Northern District of Georgia, which this Court notes are numerous.[1]  ECF No. 41 in 3:20-CV-88.  Pursuant to Federal Rule of Civil Procedure 42, this Court granted the Plaintiff's motion as to 3:20-CV-88 and 5:20-CV-198, finding that the Plaintiff filed two separate civil actions against the same Defendants for the same wrongdoing.  ECF No. 42 in 3:20-CV-88.  All future filings have been made in 3:20-CV-88.[2]

Since consolidation, the Plaintiff has filed a flurry of motions before this Court.  Still pending before the Court are the Plaintiff's Motions for Consideration to Order an Injunction [ECF Nos. 94, 97], the Plaintiff's Supplemental Motion to Impose Permanent

[1] The Plaintiff moved to consolidate the following cases: 3:20-CV-88 (N.D.W. Va.), 5:20-CV-198 (N.D.W. Va.), 5:20-CV-50 (N.D.W. Va.), 5:20-CV-53 (N.D.W. Va.), 3:20-CV-50 (N.D.W. Va.), 1:20-CV-46 (N.D.W. Va.), 1:19-CV-64 (S.D.W. Va.), 1:20-CV-466 (S.D.W. Va.) and 1:20-CV-2577 (N.D. Ga.).
[2] ECF Numbers from this point on cite to the docket in 3:20-CV-88, unless otherwise indicated.

Injunction Pursuant to Rule 65 [ECF No. 99], the Plaintiff's Motion for Leave to Amend Supplemental Motion to Impose Permanent Injunction [ECF No. 105], as well as the Defendants' Motion to Dismiss for Lack of Prosecution [ECF No. 76].

Upon reviewing the record, the Court finds that the factual and procedural background as explained in the R&R accurately and succinctly describes the evolution of the Plaintiff's civil action and the circumstances underlying the Plaintiff's claims. Further, the Plaintiff did not object to the Factual and Procedural History Section of the R&R. For ease of review, the Court incorporates that history herein.

In his R&R, Magistrate Judge Trumble recommends that the Plaintiff's Complaints [ECF No. 19 in 3:20-CV-88, ECF No. 1 in 5:20-CV-198] be dismissed with prejudice for failure to state a claim upon which relief can be granted. In particular, Magistrate Judge Trumble found that the Plaintiff failed to allege that any individual defendant took specific action to violate his civil rights or that he suffered any physical injury. By failing to allege with specificity how each Defendant violated any of Plaintiff's federal rights, the Plaintiff seeks relief which is unavailable or improper under the Bivens standard.

Judge Trumble further recommends that the Plaintiff's requests for injunctive relief contained in his complaint [ECF No. 19] and motions [ECF Nos. 94, 97, 99] be denied. Magistrate Judge Trumble found that the Plaintiff failed to show that he was likely to prevail on his Bivens claim, failed to submit any evidence demonstrating a need for a temporary restraining order or preliminary injunction and failed to demonstrate that he is likely to suffer irreparable harm in the absence of injunctive relief, thus failing to satisfy the standard for injunctive relief set forth in Winter v. Natural Resources Defense Council,

Inc., 555 U.S. 7, 20 (2008).  Further, the magistrate noted that Plaintiff is no longer incarcerated in this judicial district.

The Plaintiff accepted service of the R&R on June 7, 2022 [ECF No. 106], and timely filed his objections to the R&R on June 21, 2022 [ECF No. 107].  The Defendants have not filed any objections, and the time to do so has passed.  Accordingly, this matter is now ripe for adjudication.

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Further, failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984).  Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection."  LR PL P 12(b).  The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation."  LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary."  Green v. Rubenstein, 644 F. Supp. 2d 723, 730

(S.D. W. Va. 2009) (citing <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." <u>Williams v. New York State Div. of Parole</u>, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." <u>Taylor v. Astrue</u>, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012). Clear error is a very deferential standard of review. <u>United States v. Horton</u>, 693 F.3d 463, 474 (4th Cir. 2012). A court will find a decision clearly erroneous only "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." <u>HSBC Bank USA v. F & M Bank N. Virginia</u>, 246 F.3d 335, 338 (4th Cir. 2001) (quoting <u>Anderson v. Bessemer City</u>, 470 U.S. 564, 573 (1985)).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. <u>See Mario v. P & C Food Markets, Inc.</u>, 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." <u>Mario</u>, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." <u>Id.</u>; <u>see also</u> Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection,

we do not believe that any explanation need be given for adopting [an R&R]." <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

Upon review of the filings in this matter, the Court finds that the Plaintiff has presented no new material facts or arguments in his objections to the magistrate judge's R&R. ECF Nos. 107, 108. The Plaintiff's objections begin by recounting and summarizing constitutional amendments and theories of constitutional law. The Plaintiff's objection then rehashes his factual claims against each individual Defendant. The Plaintiff makes no reference to a specific portion or finding of the R&R. Instead, the Plaintiff generally objects to the dismissal of his case. In his addendum, which was not timely filed, the Plaintiff merely reasserts that his case should not be dismissed, and he should receive the relief requested.

Without new citations or an argument that the Magistrate Judge misapplied the law cited, there is nothing material for this Court to consider. Therefore, the Court finds that de novo review is not required because the Petitioner's objections offer no new legal arguments or factual considerations. <u>Green</u>, 644 F. Supp. 2d at 730 ("When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary."). Upon review of the R&R for clear error, <u>see</u> <u>Taylor</u>, F. Supp. at 253, the Court finds none. Magistrate Judge Trumble applied the appropriate legal analysis to the facts presented and provided recommendations consistent with his analysis. To the extent that the Plaintiff objects generally to the recommendation that his claim be dismissed, his objection is **OVERRULED**.

7

After the submission of the R&R, the Plaintiff filed a Motion for Leave to Amend Supplemental Motion to Impose Permanent Injunction.  ECF No. 105.  Therein, the Plaintiff moves to consolidate motions before the Court.  Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(B).  However, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

While a court should freely give leave when justice requires, a  district court has discretion to deny a motion to amend so long as it does not outright refuse "to grant the leave without any justifying reason."  Foman v. Davis, 371 U.S. 178, 182 (1962).  A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile. See Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

In his motion to amend, the Plaintiff requests leave to consolidate unidentified motions, which this Court construes as his pending motions for injunctive relief.  However, because all the Plaintiff's pending motions before this Court have been addressed in the R&R, the Court finds that allowing the Plaintiff to simply consolidate these motions would be futile.   The motions are no more or less persuasive in consolidation as they are separately.   Therefore, this Court holds that the Plaintiff's motion for leave to amend should be **DENIED**.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 103] should be, and is, hereby **ORDERED ADOPTED**.  For the reasons stated more fully in the R&R, the Plaintiff's Complaints [ECF No. 19 in 3:20-CV-88; ECF No. 1 in 5:20-CV-198] are **DISMISSED WITH PREJUDICE**, the Plaintiff's requests for injunctive relief made in his Complaints [ECF No. 19 in 3:20-CV-88; ECF No. 1 in 5:20-CV-198] are **DENIED**, the Plaintiff's Motions for Consideration to Order an Injunction [ECF Nos. 94, 97] are **DENIED** and the Plaintiff's Supplemental Motion to Impose Permanent Injunction Pursuant to Rule 65 [ECF No. 99] is **DENIED**.  Additionally, the Defendants' Motion to Dismiss for Lack of Prosecution [ECF No. 76] is **TERMINATED as MOOT**.

The Court **FURTHER ORDERS** that the Plaintiff's Motion for Leave to Amend Supplemental Motion to Impose Permanent Injunction [ECF No. 105] be **DENIED**.

The above-styled cases, 3:20-CV-88 and 5:20-CV-198, are **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record and the pro se Plaintiff, by certified mail, at his last known address as reflected upon the docket sheet.

**DATED**: September 8, 2022

GINA M. GROH
UNITED STATES DISTRICT JUDGE